UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMAZING PHOTOGRAPHY, LLC; and ERICA DANIELS, <br><br> Plaintiffs, <br><br> v. <br><br> MCCURDY DESIGN FIRM, LLC, et al., <br><br> Defendants. | C22-0035 TSZ <br><br> ORDER |

THIS MATTER comes before the Court on a motion to dismiss counterclaim and strike certain defenses, docket no. 24, filed by plaintiffs and counter-defendants Emazing Photography, LLC ("Emazing Photography") and Erica Daniels (collectively "Plaintiffs"). Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following Order.

**Background**

Daniels, a photographer, founded Emazing Photography in 2013. Compl. at ¶ 2 (docket no. 1). In February 2021, Plaintiffs contracted with defendants and counter-claimants Ashleigh McCurdy, an interior designer, and her business, AMcCurdy Design

ORDER - 1

Firm, LLC ("AMDF") (collectively "Defendants") in which Defendants agreed to design and stage certain areas in Emazing Photography's studio. *Id.* at ¶ 12; Am. Countercl. at ¶¶ 4–11 (docket no. 23). In March 2021, after Defendants completed the project, Daniels took four photographs of one of the newly staged areas. Compl. at ¶ 19; Exs. 1–4 to Compl. (docket nos. 7–7-3). Plaintiffs registered the photographs with the Copyright Office in April 2021. Compl. at ¶ 20; Certificate of Registration No. VA 2-249-533, Ex. 5 to Compl. (docket no. 7-4).

On or about March 27, 2021, Daniels allegedly posted the photographs on her private Facebook account to share with her family and friends. Compl. at ¶ 22. Plaintiffs assert that Defendants took the photographs from Daniels's private Facebook account and posted them on Defendants' social media accounts to promote Defendants' interior design business. *Id.* at ¶¶ 22–31. Plaintiffs contend that Defendants posted the photographs without Plaintiffs' consent, license, authorization, or agreement. *Id.* at ¶ 32. Plaintiffs also allege that Defendants performed substandard work during the interior design project and provided broken furniture and other unusable design elements. *Id.* at ¶ 14. Plaintiffs bring claims against Defendants for copyright infringement and breach of contract. *Id.* at ¶¶ 37–68.

Defendants bring a counterclaim against Plaintiffs for (i) tortious interference with a business expectancy, (ii) breach of contract, and (iii) invalidation of copyright registration no. VA 2-249-533. Am. Countercl. at ¶¶ 24–38. Defendants contend that they provided Plaintiffs with interior design services at a discounted rate in exchange for publicity on Plaintiffs' social media accounts. *Id.* at ¶¶ 8, 24, 29. Defendants allege that

ORDER - 2

the contract required Plaintiffs to credit Defendants as the interior designers if Plaintiffs took photographs of the project and released the images publicly. *Id.* at ¶ 17. According to Defendants' counterclaim, Plaintiffs breached the contract by posting photographs of the project on Emazing Photography's public Instagram account without crediting Defendants' interior design work, which interfered with Defendants' ability to obtain prospective customers. *See id.* at ¶¶ 29, 34. Defendants also contend that Plaintiffs failed to disclose to the Copyright Office Defendants' involvement in the creation of the four photographs referenced above. *Id.* at ¶ 37.

Plaintiffs now move under Federal Rule of Civil Procedure 12(b)(6) to dismiss Defendants' claims for breach of contract and tortious interference with a business expectancy, and under Rule 12(f) to strike seven of Defendants' defenses. Plaintiffs also move for "declaratory judgment" on the validity of copyright registration no. VA 2-249-533 and Plaintiffs' copyright infringement claim, which the Court construes as a motion for partial summary judgment under Rule 56.

**Discussion**

**1.      Motion to Dismiss**

      **a.      Motion to Dismiss Standard**

Although a pleading challenged by a Rule 12(b)(6) motion to dismiss need not provide detailed factual allegations, it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleading must indicate more than mere speculation of a right to relief. *See id.* When a pleading fails to adequately state a claim,

ORDER - 3

such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558. A pleading may be lacking for one of two reasons: (i) absence of a cognizable legal theory, or (ii) insufficient facts under a cognizable legal claim. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In ruling on Plaintiffs' motion to dismiss the counterclaim, the Court must assume the truth of Defendants' allegations and draw all reasonable inferences in Defendants' favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). The question for the Court is whether the facts in the counterclaim sufficiently state a "plausible" ground for relief. *See Twombly*, 550 U.S. at 570.

      **b.**     **Breach of Contract**

To prevail on their breach of contract claim, Defendants must establish (i) that the contract at issue imposes a duty, (ii) breach of that duty, and (iii) damages proximately caused by the breach. *See Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 78 Wn. App. 707, 712, 899 P.2d 6 (1995). Defendants contend that the parties entered into a valid and binding contract in which Defendants agreed to design and stage certain areas in Emazing Photography's studio. Am. Countercl. at ¶¶ 1–11, 31–35. Defendants allege that the contract required Plaintiffs to credit Defendants as the interior designers if Plaintiffs photographed the project and released the images publicly. *Id.* at ¶ 17. According to Defendants, Plaintiffs breached the contract by publishing photos of the interior design project on Emazing Photography's public Instagram account without crediting Defendants as the interior designers. *Id.* at ¶ 34. As a result of Plaintiffs' alleged conduct, Defendants claim to have suffered damages. *Id.* at ¶ 35. The Court

ORDER - 4

1  concludes that Defendants have stated a plausible ground for relief, and Plaintiffs' motion
2  to dismiss is DENIED as it relates to Defendants' claim for breach of contract.

3        **c.**      **Tortious Interference with a Business Expectancy**

4        To prevail on their claim for tortious interference with a business expectancy,
5  Defendants must prove five elements: (i) the existence of a valid business expectancy;
6  (ii) that Plaintiffs had knowledge of the expectancy; (iii) an intentional interference
7  inducing or causing termination of the expectancy; (iv) that Plaintiffs interfered for an
8  improper purpose or used improper means; and (v) resulting damage. *See Greensun*
9  *Grp., LLC v. City of Bellevue*, 7 Wn. App. 2d 754, 767–68, 436 P.3d 397 (2019). A valid
10 business expectancy is "something less than an enforceable contract," *id.* at 768, and
11 "includes any prospective contractual or business relationship that would be of pecuniary
12 value," *Newton Ins. Agency & Brokerage, Inc. v. Caledonian Ins. Grp., Inc.*, 114 Wn.
13 App. 151, 158, 52 P.3d 30 (2002). Washington courts "allow tortious interference claims
14 'where a [party's] acts destroy [the opposing party's] opportunity to obtain *prospective*
15 customers.'" *Greensun*, 7 Wn. App. 2d at 768 (quoting *Caruso v. Loc. Union No. 690*, 33
16 Wn. App. 201, 207, 653 P.2d 638 (1982)). Future business opportunities must be a
17 "reasonable expectation and not merely wishful thinking." *Id.* (quoting *Life Designs*
18 *Ranch, Inc. v. Sommer*, 191 Wn. App. 320, 337, 364 P.3d 129 (2015)).

19       Defendants allege that Plaintiffs intentionally interfered with their ability to obtain
20 prospective customers. Am. Countercl. at ¶¶ 27–29. Defendants contend that they
21 provided Plaintiffs with interior design services at a discounted rate in exchange for
22 recognition on Plaintiffs' social media accounts. *Id.* at ¶¶ 8, 24, 29. Despite knowing
23

that AMDF's success depends on the publicity of its designs, Plaintiffs allegedly interfered with Defendants' business expectation by failing to credit Defendants for their interior design work and making disparaging remarks about Defendants. *Id.* at ¶¶ 27, 28. Defendants allege that Plaintiffs' failure to credit AMDF as the interior designer of the photography studio prevented "several thousand people" from learning of AMDF's services, *id.* at ¶ 29, including Emazing Photography's 7,000 Instagram followers,[1] *see id.* at ¶ 24. Defendants also allege, on information and belief, that Daniels "deterred multiple prospective customers from" Defendants' services. *Id.* at ¶ 29. Defendants allege that they have suffered damages as a result of Plaintiffs' "improper" conduct. *Id.* at ¶¶ 29–30. Drawing all reasonable inferences in Defendants' favor, the Court concludes that Defendants have plausibly alleged a claim for tortious interference with a business expectancy.[2] Therefore, Plaintiffs' motion to dismiss Defendants' counterclaim is DENIED.

**2.      Motion to Strike**

Pursuant to Rule 12(f), a court may strike a defense if it is "insufficient" or presents "any redundant, immaterial, impertinent, or scandalous matter." Motions to

---

[1] According to the counterclaim, the vast majority of these Instagram followers are based in the Seattle metropolitan area. Am. Countercl. at ¶ 24 (docket no. 23).

[2] The Court is unpersuaded by Plaintiffs' argument that Defendants' claim for tortious interference with a business expectancy is preempted by the Copyright Act. Defendants' claim arises from Plaintiffs' alleged failure to credit Defendants' interior design work on multiple social media platforms, which purportedly interfered with Defendants' ability to obtain prospective customers. *See Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089 (9th Cir. 2005) ("If a state law claim includes an 'extra element' that makes the right asserted qualitatively different from those protected under the Copyright Act, the state law claim is not preempted by the Copyright Act.").

ORDER - 6

strike "are disfavored and should not be granted unless 'it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'" *Sifferman v. Sterling Fin. Corp.*, No. C13-183, 2014 WL 28854, at *1 (W.D. Wash. Jan. 2, 2014) (quoting *In re New Century*, 588 F. Supp. 2d 1206, 1220 (C.D. Cal. 2008)). "Before a motion to strike is granted the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed." *RFD Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 565 (C.D. Cal. 2005). Further, "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).

Plaintiffs move to strike various affirmative defenses, general denials, and other defenses raised by Defendants. *See* Mot. at 20–23 (docket no. 24). Defendants' answer, however, provides Plaintiffs fair notice of their intended defenses. Plaintiffs dispute many of Defendants' factual allegations, but have not shown a basis to strike Defendants' defenses at this stage of litigation. Accordingly, Plaintiffs' motion to strike is DENIED without prejudice.

**3.     Motion for Partial Summary Judgment**

The Court shall grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty*

ORDER - 7

*Lobby, Inc.*, 477 U.S. 242, 248 (1986).  To survive a motion for summary judgment, the adverse party must present affirmative evidence, which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn.  *Id.* at 255, 257.  When the record, however, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted.  *See Beard v. Banks*, 548 U.S. 521, 529 (2006).

        Plaintiffs move for "declaratory judgment" on the validity of copyright registration no. VA 2-249-533 and Plaintiffs' copyright infringement claim.  The Court construes Plaintiffs' request for declaratory judgment as a motion for partial summary judgment.  Importantly, the record before the Court is limited because the parties have not yet engaged in discovery in this matter.  At this time, the Court concludes that genuine disputes of material fact exist as to the extent of Defendants' contribution to the creation of the subject photographs and whether Defendants infringed the copyright.  *See* McCurdy Decl. (docket no. 26).  Thus, Plaintiffs' motion for partial summary judgment is DENIED without prejudice.

**Conclusion**

        For the foregoing reasons, the Court ORDERS:

(1)    Plaintiffs' motion to dismiss Defendants' counterclaim, docket no. 24, is DENIED;

(2)    Plaintiffs' motion to strike is DENIED without prejudice;

(3)    Plaintiffs' motion for partial summary judgment is DENIED without prejudice;

ORDER - 8

(4)    The parties are DIRECTED to file an updated Joint Status Report by November 14, 2022, proposing a schedule for this matter, including a deadline for completing discovery and a trial date; and

(5)    The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 26th day of October, 2022.

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge

ORDER - 9