UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMAZING PHOTOGRAPHY, LLC; and ERICA DANIELS,<br><br>                Plaintiffs,<br><br>   v.<br><br>MCCURDY DESIGN FIRM, LLC, et al.,<br><br>                Defendants. | C22-0035 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiffs' motion for leave amend, docket no. 35, is GRANTED. Plaintiffs shall electronically file their amended complaint, provided at docket no. 35-1, via the Case Management/Electronic Case Files ("CM/ECF") system within seven (7) days of the date of this Minute Order. Defendants shall have twenty-one (21) days after Plaintiffs file their amended complaint to answer or otherwise respond to the amended pleading. Pursuant to Federal Rule of Civil Procedure 15(a)(2), a district court should freely give leave to amend a pleading when justice so requires. Defendants argue that justice does not require amendment at this time because the proposed amended complaint contradicts the operative pleading. Namely, the operative complaint alleges that the parties entered into a certain interior design agreement. *See* Compl. at ¶¶ 62–68 (docket no. 1). In contrast, the proposed amended complaint alleges that the parties entered into a separate agreement. *See* Proposed Am. Compl. at ¶¶ 84–96 (docket no. 35-1). Ninth Circuit precedent is inconsistent as to whether an amended complaint may contradict earlier allegations made in the same proceeding. *Compare Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (explaining that a

MINUTE ORDER - 1

party cannot contradict an earlier assertion made in the same proceeding), *with PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 860 (9th Cir. 2007) ("The short of it is that there is nothing in the Federal Rules of Civil Procedure to prevent a party from filing successive pleadings that make inconsistent or even contradictory allegations."). Given the liberal standard for revising pleadings, the Court will permit Plaintiffs to amend their complaint. The original complaint, however, may be admissible in evidence against Plaintiffs as an admission or prior inconsistent statement. *See Robinson v. Salazar*, 885 F. Supp. 2d 1002, 1024 n.12 (E.D. Cal. 2012), *aff'd* 790 F.3d 910 (9th Cir. 2015) ("A prior pleading may be superseded as a pleading, but the prior pleading may be admissible in evidence against the pleader; e.g., as an admission or prior inconsistent statement by the pleader[.]"); *Avila v. Felder*, No. 21-cv-01510, 2022 WL 542429, at *3 (E.D. Cal. Feb. 23, 2022).

(2)   Defendants' request for sanctions under Rule 11 is STRICKEN. A motion for sanctions under Rule 11 "must be made separately from any other motion." Fed. R. Civ. P. 11(c)(2). Here, Defendants improperly embedded a request for Rule 11 sanctions in their response to Plaintiffs' motion for leave to amend. In any event, Rule 11 sanctions do not appear warranted under the circumstances.[1]

(3)   Plaintiffs' request for judicial notice of certain copyright-related materials, docket no. 42, is STRICKEN as moot. The Court has not considered these materials when ruling on Plaintiffs' motion for leave to amend.

(4)   The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 31st day of July, 2023.

                    Ravi Subramanian
                    Clerk

                    s/Laurie Cuaresma
                    Deputy Clerk

---

[1] Counsel are DIRECTED to review this District's local civil rules, available at https://www.wawd.uscourts.gov/local-rules-and-orders. Counsel shall pay particular attention to LCR 7(e)(6), which requires the certification of word count for certain motions and briefs.

MINUTE ORDER - 2